### JOHN A. SCHMITT'S SONS v. SHADRACH.

(Circuit Court of Appeals, Third Circuit. May 21, 1918. Rehearing Denied June 28, 1918.)

#### No. 2322.

1. BILLS AND NOTES ☞68—ACCEPTANCE—STATUTES APPLICABLE.
   Where contractor, six months before his bankruptcy, gave order on owner, in favor of subcontractor, and the owner paid money to the contractor, who immediately paid it to the subcontractor within four months of the bankruptcy, and the trustee sued to recover it as a preference, Act Pa. May 10, 1881 (P. L. 17), providing that no person shall be charged as acceptor of order without written acceptance, was not applicable, in favor of the trustee, on the question of acceptance by the owner.

2. APPEAL AND ERROR ☞1022(1)—SCOPE OF REVIEW—FINDINGS OF REFEREE.
   Where the referee's finding is not a plain mistake, and has been affirmed by the District Court, it will not be disturbed.

3. ASSIGNMENTS ☞58—EQUITABLE ASSIGNMENTS—ASSIGNMENTS OF PART OF CLAIM.
   An order by a contractor upon the owner to pay money to the subcontractor, which constituted only a part of the claim of the contractor, could not be enforced as an equitable assignment, in the absence of acceptance by the owner.

In Error to the District Court of the United States for the Middle District of Pennsylvania; Chas. B. Witmer, Judge.

Action by John Shadrach, trustee in bankruptcy of George Eckert, against John A. Schmitt's Sons. Judgment for plaintiff, and defendants bring error. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John H. Dando and Edmund G. Butler, both of Wilkes-Barre, Pa., for plaintiffs in error.

W. Alfred Valentine and Edwin B. Morgan, both of Wilkes-Barre, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. This was an action of assumpsit, brought by the trustee of a bankrupt to recover a preferential payment. By agreement it was tried without a jury, and the special referee's report was adopted by the District Court, who entered judgment against the plaintiffs in error. The record is confused and disorderly; but, if we have succeeded in finding our way through it, the controversy turns on questions of fact that have been decided by the referee, whose findings (if supported by evidence) bind us as fully as the verdict of a jury. Briefly stated, what appears to have happened is this:

In April, 1911, the bankrupt, George Eckert, a builder in Wilkes-Barre, contracted with John M. Ward to erect a building for $25,000. The next day John A. Schmitt's Sons agreed with Eckert to take part of the construction off his hands, practically all except the interior finish, for $10,800. The Schmitts immediately began work, and from month to month furnished architect's estimates to Eckert, upon which he received the money from Ward. But, instead of using the money to pay the Schmitts what he owed them under the subcontract, Eckert applied a good deal of it to other objects, so that by November 1 (when the subcontract was nearly finished) he owed the Schmitts about $5,500. He had already received this money from Ward, and the Schmitts were dissatisfied with the situation and threatened to abandon their contract. This would have disarranged Ward's plans, and accordingly the three parties concerned tried to find some way to provide for the continuance of the work. Under the principal contract Ward was still bound to pay Eckert a considerable sum of money, so that without risk to himself he could assume Eckert's obligation to the Schmitts, if he chose to do so. The evidence establishes that he was willing to enter into some kind of an agreement, and on November 1 the Schmitts made an effort in this direction by assigning to him all the money due or to become due to them on their subcontract with Eckert. For some reason this assignment did not satisfy Ward, and he insisted that Eckert should draw an order on him in favor of the Schmitts. On November 6 this was done, and an order for $4,000 was delivered to him, and he retained it in his possession for several months. On February 1, 1912, Ward, in the presence of Eckert, the Schmitts, and McGlynn, his own architect, paid $3,500 in the form of a check to Eckert's order, which was immediately indorsed by Eckert and handed over to the Schmitts; this being the payment in dispute. As Eckert had been adjudged bankrupt on May 4, 1912, the transaction was within the four-months period, and if Ward (without having regard to the order) were really paying the money to Eckert

on account of the principal contract, and if Eckert in turn were really paying it to the Schmitts, it may have been a preferential payment. On the other hand, if Ward had accepted the order and had thereby bound himself to pay $4,000 to the Schmitts, he may have been fulfilling in part his own obligation, with which the bankrupt was no longer concerned, and in that event the payment could not have been a preference.

[1, 2] The vital question of fact, therefore, relates to Ward's acceptance of the order, and upon this point the finding is that he did not accept. Concededly he did not accept in writing, and, if the Pennsylvania act of 1881 (P. L. 17) were controlling in this action, the absence of a writing would be decisive:

"No person within this state shall be charged as an acceptor on a bill of exchange, draft or order drawn for the payment of money, exceeding $20.00, unless his acceptance shall be in writing, signed by himself or his lawful agent."

But, as this action is not against Ward, we have laid the statute aside, and have examined the record to see whether it contains evidence tending to show that he had in fact accepted the order, whether by word of mouth, or by acts in pais. Unfortunately, Ward is dead; but upon this point we find competent and sufficient evidence upon both sides, and, as the referee's finding is not a plain mistake and has been affirmed by the District Court, it will not be disturbed. The referee might have found, as a jury might, that the payment on February 1 was made to the Schmitts on account of the order, or was made directly to Eckert, not at all on account of the order, but on account of work under the principal contract, for the architect testified positively that on that date $3,500 was due to Eckert, and that he himself had given a certificate for this amount.

[3] Neither can the order be treated as an equitable assignment by Eckert to the Schmitts; at the best, it affected only a part of the fund due by Ward to Eckert, and in the absence of acceptance by Ward cannot be enforced as an assignment. Mandeville v. Welch, 5 Wheat. 277, 5 L. Ed. 87; 1 Rose's Notes (Rev. Ed.) 1041; Sheatz v. Markley (C. C. A. 3) 249 Fed. 315, —— C. C. A. ——.

The judgment is affirmed.